UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAWN MEADE,

      Plaintiff,

v.                                                               Case No.  8:21-cv-92-SCB- JSS

INTERNATIONALPONTOON
CORPORATION,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion to Remand. (Doc. No. 16).  Defendant opposes the motion.  (Doc. No. 22).  As explained below, the motion is granted.

**I.  Background**

Plaintiff Dawn Meade alleges the following in her complaint (Doc. No. 1-1): In June of 2019, Plaintiff purchased a 2019 Lexington S26SV Tri-Toom 8 boat from Defendant International Pontoon Corporation's authorized seller for $80,570.[1]  Soon after Plaintiff took possession of the boat, she began experiencing various defects with the boat that substantially impaired its use, value, and safety.

---

[1] The sales documents list both Plaintiff and Sandra Lea Meade as the buyers of the boat.  (Doc. No. 22-2, p. 14).

Plaintiff took the boat to Defendant's authorized service providers to get warranty repairs, but they have been unable to remedy the boat's defects in accordance with the terms of Defendant's written warranty.

As a result, Plaintiff filed suit against Defendant in state court, asserting a claim for breach of written warranty under the Magnuson-Moss Warranty Act ("MMWA"). In her complaint, she specifically requests the following relief: diminution in value of the boat, costs of necessary repairs, incidental and consequential damages, reasonable attorneys' fees, and "[s]uch other and further relief that the Court deems just and appropriate." (Doc. No. 1-1, p. 8).

Defendant removed the case to this Court, arguing that the Court had jurisdiction under the MMWA and also under diversity subject matter jurisdiction. For a federal court to have jurisdiction over an MMWA claim, the amount in controversy must be at least $50,000, exclusive of interest and costs. 15 U.S.C. § 2310(d)(3)(B). For a federal court to have diversity subject matter jurisdiction over a case, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a). Plaintiff filed the instant motion to remand, in which she argues that this case must be remanded, because Defendant has not shown that the amount in controversy is at least $50,000.

## II.  Standard of Review

Plaintiff has not pled a specific amount of damages in her complaint, and as such, Defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement.  See Rubio-Benavides v. General R.V. Center, Inc., 2020 WL 4188211, at *2 (M.D. Fla. July 21, 2020).  As explained by this Court:

> "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  Furthermore, the use of reasonable inferences and deductions is permissible to establish the amount in controversy.  However, courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand.

Id. (internal citations omitted).  In calculating the amount in controversy under the MMWA, courts look to state law to determine the applicable measure of damages.  See Bentley v. Volkswagen Group of America, Inc., 2013 WL 5927974, at *1 (M.D. Fla. Nov. 5, 2013).

## III.  Motion to Remand

Plaintiff argues that this case must be remanded, because Defendant has not shown that the amount in controversy is at least $50,000.  Plaintiff contends that her chief measure of damages is diminished value, which is calculated as the difference in value of the boat as warranted and the actual value of the boat on the date of acceptance.  See id. (citing Fla. Stat. §672.714(2)).  Defendant has not

proffered any information regarding the actual value of the allegedly defective boat on the date of acceptance,[2] and as such, there is no basis for finding that diminished value damages total at least $50,000.

      Defendant responds that in Plaintiff's pre-suit settlement demands, she sought a full refund of the $80,570 purchase price, and as such, that amount (which exceeds $50,000) is the amount in controversy. (Doc. No. 22-2, p. 3; Doc. No. 1-7, Ex. A). The flaw in this argument is that when a plaintiff seeks revocation of acceptance and a refund in an MMWA case, the amount in controversy equals the purchase price of the boat, less the current value of the defective boat (which would be returned in order to receive the refund), less the value of Plaintiff's beneficial use of the defective boat prior to returning it. See Rubio-Benavides, 2020 WL 4188211, at *3. While Defendant contends that the value of the boat is less than $50,000, that leaves the amount in controversy to be the purchase price of the boat ($80,570), less the current value of the boat ($50,000), less the value of Plaintiff's beneficial use of the defective boat prior to returning it (which Defendant fails to value). Thus, the amount in controversy under this theory of recovery is less than $30,570 ($80,570 minus $50,000 minus the value of Plaintiff's beneficial use of the boat).

---

[2] The current actual value of the boat is irrelevant to this calculation. See Bentley, 2013 WL 5927974, at *1.

Defendant attempts to increase this amount by adding $6,000 for Plaintiff's attorneys' fees. This argument is flawed for two reasons: (1) there is no basis in the record for the $6,000 figure; and (2) attorneys' fees are not included in the amount in controversy for MMWA claims. See Ansari v. Bella Automotive Group, Inc., 145 F.3d 1270, 1271-72 (11th Cir. 1998).

Defendant also attempts to increase the amount in controversy by adding the $10,000 in repairs and transportation costs that it paid in an attempt to fix the boat. Defendant provides no legal basis for adding these amounts that Defendant already paid to the amount currently in controversy.

Finally, Defendant attempts to increase the amount in controversy by adding the amount that Plaintiff herself paid for repairs for which she is seeking reimbursement. That amount—less than $3,500—is not sufficient to bring the amount in controversy in this case to $50,000.

Based on the above, there is not sufficient information before the Court to find that the amount in controversy is at least $50,000 given that Defendant fails to value Plaintiff's beneficial use of the defective boat. Furthermore, even if the value of Plaintiff's beneficial use of the boat was somehow zero, Defendant still has not shown that the amount in controversy is at least $50,000.[3]

---

[3] Because Defendant cannot show that the amount in controversy is at least $50,000, the Court need not address Defendant's alternative basis of diversity subject matter jurisdiction, which requires an amount in controversy in excess of $75,000.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Plaintiff's Motion to Remand (Doc. No. 16) is **GRANTED.**

(2)   The Clerk is directed to remand this case to state court, terminate all pending motions, and close this case.

DONE AND ORDERED at Tampa, Florida, this 3rd day of March, 2021.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record